Ellsworth Freight Lines, Inc. and Transport Insurance Company, Petitioners *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Kenneth Ilg, Respondents.

Argued September 28, 1978, before Judges MENCER, BLATT and CRAIG, sitting as a panel of three.

*Roy F. Walters, Jr.*, with him *Fried, Kane and Walters*, for petitioners.

*Ralph L. Montgomery, Jr.*, with him *Dale, Woodard, Montgomery & White*, and *James N. Diefenderfer*, for respondents.

OPINION BY JUDGE BLATT, December 4, 1978:

Ellsworth Freight Lines, Inc., (employer) appeals from an order of the Workmen's Compensation Appeal Board (Board), which affirmed a referee's decision awarding benefits to Kenneth Ilg (claimant). The employer argues (1) that the claimant had deviated from his employment as a matter of law, (2) that the referee's findings evidence a capricious disregard of competent evidence, and (3) that the referee incorrectly believed that the burden was on the employer to show that the claimant had deviated from his employment. Our examination of the record indicates that the first two contentions of the employer are without merit. Although it was disputed, the claimant's testimony, if believed, could support the conclusion that his deviation was minor and did not take him out of the course of his employment. *See Workmen's Compensation Appeal Board v. Borough of Plum,* 20 Pa. Commonwealth Ct. 35, 340 A.2d 637 (1975). As to the employer's third contention, it is apparent from the referee's conclusions of law that the referee believed the burden to be on the employer, and, although we agree with the employer that it did not have the burden, we nevertheless believe that the evidence is sufficient to support the referee's finding that the claimant

was in the course of his employment. We must therefore, conclude that the claimant met his burden on this issue.

Accordingly, we affirm the order of the Board.[1]

## ORDER

AND Now, this 4th day of December, 1978, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is affirmed, and judgment is entered in favor of Kenneth Ilg and against Ellsworth Freight Lines, Inc., and its insurer, Transport Insurance Company. Compensation for total disability shall be paid at the rate of $171.00 per week for the period beginning August 17, 1975 and continuing so long as the claimant shall be totally disabled. It is further directed that the employer or its insurer reimburse the claimant in the amount of $223.82 in medical expenses in addition to the following payments:

| | |
|---|---:|
| St. John's Medical Center | $7,435.50 |
| Joplin Orthopaedic Surgery, Inc. | 935.00 |
| Robert L. Willcoxon, M.D. | 881.00 |
| The Barberton Citizens Hospitals | 102.60 |
| Orthopaedics, Inc. | 315.00 |
| C. C. Young, M.D. and S. L. Gaston, M.D. | 36.00 |
| Ira Joe Pryor, M.D. | 584.00 |
| | $10,289.10 |

Accrued compensation shall bear the statutory interest rate of ten percent. The case is remanded to the Board

---

[1] The order of the referee awarded attorney's fees of 33 1/3% out of the compensation due the claimant. This award was made pursuant to an agreement between the claimant and his attorneys whereby their fee would be 33 1/3% if the case went to hearing and 40% if it were appealed. The case is, of course, now before us on appeal, and so we are remanding this aspect of the case to the Board for determination of a reasonable fee.

for determination of a reasonable attorney's fee for the claimant's counsel, which shall be paid out of that sum due the claimant.